**E-Filed 3/28/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS E. SEIDEL, | Case Number 5:09-cv-04875-JF |
| Plaintiff, | [Re:  dkt entries 21, 24, 28, 31] |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| ——————————————— | |
| FOUR RIVERS INVESTMENTS, INC., | Case Number 5:10-cv-05074-JF |
| Plaintiff, | [Re:  dkt entry 11] |
| v. | ORDER[1] CONSOLIDATING ACTIONS; DIRECTING PLAINTIFFS TO FILE A CONSOLIDATED COMPLAINT; AND DENYING WITHOUT PREJUDICE UNITED STATES' DISPOSITIVE MOTIONS |
| UNITED STATES OF AMERICA and COMMISSIONER OF INTERNAL REVENUE, | |
| Defendants. | |

This order addresses two related cases.  In *Seidel v. United States*, Case No. 5:09-cv-04875-JF, Plaintiff Thomas Seidel ("Seidel") seeks recovery of approximately $200,000 that the Internal Revenue Service ("IRS") obtained from Four Rivers Investments, Inc. ("Four Rivers") in

---

[1]  This disposition is not designated for publication in the official reports.

Case Nos. 5:09-cv-04875-JF / 5:10-cv-05074-JF
ORDER CONSOLIDATING ACTIONS ETC.
(JFLC2)

1  partial satisfaction of Seidel's then-outstanding tax liability.[2]  Four Rivers is a corporation wholly

2  owned by Seidel's wife, Vicki Seidel.  The IRS sought payment from Four Rivers on the theory

3  that Four Rivers was Seidel's alter ego.  Seidel moves to (1) amend his complaint to omit certain

4  claims, and (2) join Four Rivers as a party plaintiff.  The United States moves for summary

5  judgment.

6      In *Four Rivers Investments, Inc. v. United States*, Case No. 5:10-cv-05074-JF, Four

7  Rivers challenges the alleged "wrongful levy" of the same $200,000 at issue in the *Seidel* case.

8  The United States moves to dismiss Four Rivers' complaint for failure to state a claim upon

9  which relief may be granted.

10                                   **I. BACKGROUND**

11      In 1996, the IRS assessed a trust fund recovery penalty against Seidel of approximately

12  $600,000.  In 2003, as part of its collection efforts, the IRS levied against Four Rivers' bank

13  accounts at Wells Fargo Bank and A.G. Edwards & Sons, Inc.  The IRS credited the total amount

14  received, approximately $41,000, to Seidel's outstanding penalty balance.  The IRS also filed a

15  notice of federal tax lien in Monterey County naming Four Rivers as the nominee, alter ego,

16  and/or transferee of Seidel.  In November 2004, Four Rivers applied to the IRS for a discharge of

17  the lien so that the encumbered real property, "the Pine Tree Way property," could be sold.  The

18  IRS conditioned discharge of the lien on payment of approximately $161,000.  Four Rivers paid

19  this amount in two installments, one in November 2004 and the other in March 2005.  Both

20  payments were credited to Seidel's outstanding balance, and the IRS issued a certificate of

21  discharge with respect to the lien.

22      In 2006, Four Rivers filed a complaint in the United States Court of Federal Claims,

23  challenging the levies and the lien-related collection.  The court dismissed the complaint without

24  prejudice for lack of subject matter jurisdiction.  In August 2007, the IRS filed suit against Seidel

25  in this Court, seeking to reduce the penalty to judgment.  In January 2009, following a jury trial,

26

27      [2] This Court subsequently entered judgment invalidating the penalty that gave rise to

28  Seidel's tax liability.

2

1    this Court entered judgment invalidating the penalty.  Seidel filed his current suit against the

2    United States in October 2009, asserting claims for:  (1) release of illegal liens filed against him,

3    (2) damages, (3) abatement of civil assessment, and (4) refund of the $200,000 obtained from

4    Four Rivers.  In September 2010, he filed a first amended complaint ("FAC") without leave of

5    court, omitting several of the originally-pled claims and asserting claims only for:  (1) recovery

6    of the $200,000 obtained from Four Rivers, and (2) attorneys' fees.  Shortly thereafter, Four

7    Rivers filed a separate complaint, also seeking recovery of the $200,000.

## II. DISCUSSION

**A.    Seidel's Motion For Leave To Amend Complaint To Omit Claims**

       As noted above, Seidel filed a FAC without obtaining leave of court.  After the United

States objected to the FAC on the basis of this procedural defect, Seidel filed a motion for leave

to amend to omit certain claims.  The United States has not opposed that motion.  The motion for

leave to amend will be granted.[3]

**B.    Seidel's Motion To Join Four Rivers As A Party Plaintiff**

       The operative FAC seeks recovery of the $200,000 that the IRS obtained from Four

Rivers via levy (approximately $41,000) and lien-related collection (approximately $161,000).

Seidel seeks to join Four Rivers as a necessary party pursuant to Federal Rule of Civil Procedure

19(a).  That rule provides that "[a] person who is subject to service of process and whose joinder

will not deprive the court of subject-matter jurisdiction must be joined as a party if":

> (A) in that person's absence, the court cannot accord complete relief among
> existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so
> situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to
> > protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring
> > double, multiple, or otherwise inconsistent obligations because of
> > the interest.

---

[3] The FAC already has been filed as document 24.

Case Nos. 5:09-cv-04875-JF / 5:10-cv-05074-JF
ORDER CONSOLIDATING ACTIONS ETC.
(JFLC2)

1  Fed. R. Civ. P. 19(a)(1).

2       The United States opposes joinder of Four Rivers, asserting that its participation in the

3  action is not necessary to afford complete relief between Seidel and the United States.  If Four

4  Rivers had not filed its own action against the United States, the Court well may have granted

5  Seidel's motion for joinder on the grounds that the funds at issue actually were obtained from

6  Four Rivers, which claims an interest in the funds, and disposing of Seidel's claim to the funds

7  may impair or impede Four Rivers' ability to protect its interest.  However, because Four Rivers

8  presently is litigating an action against the United States for recovery of the $200,000 in

9  question, the Court concludes that it would be more efficient to consolidate the cases under

10  Federal Rule of Civil Procedure 42(a).  Counsel for Seidel and for Four Rivers will be directed to

11  file a consolidated complaint consistent with this order.[4]

12  **C.   United States' Motions For Summary Judgment And Dismissal**

13       The United States seeks summary judgment in the *Seidel* action and dismissal of the

14  complaint in the *Four Rivers* action.  Its position is that, even though this Court entered judgment

15  in 2009 that the penalty was invalid, neither Seidel nor Four Rivers may recover the $200,000

16  obtained from Four Rivers in partial satisfaction of the penalty.

17       **1.   Seidel**

18       When a taxpayer seeks recovery of taxes he has paid, the following statutes apply:

19       *No suit or proceeding shall be maintained* in any court for the recovery of any
         internal revenue tax alleged to have been erroneously or illegally assessed or
20       collected, or of any penalty claimed to have been collected without authority, or of
         any sum alleged to have been excessive or in any manner wrongfully collected,
21       *until a claim for refund or credit has been duly filed with the Secretary*, according
         to the provisions of law in that regard, and the regulations of the Secretary
22       established in pursuance thereof.

23  26 U.S.C. § 7422(a) (emphasis added).

24       *Claim for credit or refund* of an overpayment of any tax imposed by this title in
         respect of which tax the taxpayer is required to file a return shall be filed by the
25       taxpayer *within 3 years from the time the return was filed or 2 years from the time
         the tax was paid*, whichever of such periods expires the later, or if no return was

26

27  _____

28       [4] Seidel and Four Rivers are represented by different counsel:  Seidel is represented by
     Robert Alan Jones and Thomas Hogan, while Four Rivers is represented by Robert Goldstein.

4

1    filed by the taxpayer, within 2 years from the time the tax was paid.

2    26 U.S.C. § 6511(a) (emphasis added).  If a claim is not filed within the three-year period

3    referenced above, the taxpayer is limited to a credit or refund of that portion of the tax paid

4    during the two years immediately preceding the filing of the claim.  26 U.S.C. § 6511(b)(2)(B).

5    Once the administrative claim is filed, the taxpayer must wait at least six months before filing a

6    lawsuit, unless a decision is rendered before that time.  26 U.S.C. § 6532(a).  Once a decision is

7    rendered, the taxpayer has two years to file a lawsuit.  *Id.*

8         In summary, a taxpayer seeking a refund must file an administrative claim before filing a

9    lawsuit.  Such claim must be filed within three years after the return was filed or two years after

10   the tax was paid.  If the claim is filed after the three-year period, any credit or refund is limited to

11   that portion of the tax paid during the two years immediately preceding the filing of the claim.

12   Once a decision is rendered on the claim, the taxpayer has two years to file suit.

13        As an initial matter, it is unclear whether Seidel has standing to seek a "refund" of monies

14   obtained from another entity, Four Rivers.  Assuming that Seidel has standing to assert a refund

15   claim, his first administrative claim for refund was not filed until September 11, 2008.  He filed a

16   second administrative claim on March 10, 2009.  Clearly, these claims were not filed within the

17   three-year period set forth in § 6511(a); accordingly, Seidel is limited to a credit or refund of that

18   portion of the tax paid during the two years immediately preceding the filing of his first claim.  A

19   Any credit or refund Seidel could obtain thus would be limited to taxes paid between September

20   11, 2006 and September 11, 2008.[5]  The $200,000 was obtained from Four Rivers well before

21   this period.  Accordingly, Seidel's claim to refund of those monies appears to be precluded.

22        Seidel argues that an administrative claim filed by *Four Rivers* on April 4, 2005 should

23   be deemed an administrative claim of Seidel.  He does not cite any authority for this proposition,

24   arguing instead that because the United States treated Seidel and Four Rivers as alter egos in

25   order to take Four Rivers' assets in satisfaction of Seidel's tax liability, the United States is

26

27

28        [5] The United States asserts without explanation that the relevant period is the two years
     prior to the filing of the second administrative claim, March 10, 2007 to March 10, 2009.

5

1    estopped from challenging the unity of identity for purposes of meeting the requirements for

2    filing an administrative claim.  This argument has some facial appeal.  However, because the

3    issue has not been briefed adequately, the Court cannot determine the effect, if any, of Four

4    Rivers' 2005 administrative claim with respect to Seidel.  In light of its decision to consolidate

5    the *Seidel* and *Four Rivers* actions, the Court will deny the United States' motion for summary

6    judgment at this time, without prejudice to renewal of the motion after filing of the consolidated

7    complaint.  The Court expects that if and when such motion is filed, the effect of Four Rivers'

8    April 2005 administrative filing will be briefed fully.

9             **2.      Four Rivers**

10            As noted above, Four Rivers previously filed suit in the United States Court of Federal

11   Claims, challenging the levies on its bank accounts and the lien-related collections with respect

12   to the Pine Tree Way property.  The United States contends that the judgment in that case is *res*

13   *judicata* to any claims Four Rivers asserts here.  However, although the Court of Federal Claims

14   engaged in substantial discussion regarding the merits of Four Rivers' claims, the court

15   ultimately dismissed the claims without prejudice for lack of subject matter jurisdiction.  *See*

16   *Four Rivers Investments, Inc. v. United States*, 77 Fed. Cl. 592, 605 (2007).  "Dismissal for lack

17   of subject matter jurisdiction is not a judgment on the merits, and therefore it has no claim

18   preclusive or res judicata effect."  *Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal.

19   2005) (citing *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2nd Cir. 1994)).

20            Because Four Rivers' present complaint is extremely brief (three and one-half pages

21   total), the precise bases for Four Rivers' claims are not clear.  Accordingly, and in light of its

22   decision to consolidate the *Seidel* and *Four Rivers* actions, the Court will dismiss Four Rivers'

23   claims with leave to amend so that Four Rivers more precisely may allege the statutory or other

24   bases for its claims.  If Four Rivers asserts an entitlement to equitable tolling as to any statute of

25   limitation, it shall allege with particularity the facts giving rise to such tolling.

26   //

27   //

28   //

6

Case Nos. 5:09-cv-04875-JF / 5:10-cv-05074-JF
ORDER CONSOLIDATING ACTIONS ETC.
(JFLC2)

# III. ORDER

(1)     Seidel's motion for leave to amend his pleading is GRANTED;

(2)     Four Rivers' complaint is DISMISSED WITH LEAVE TO AMEND;

(3)     The two actions, *Seidel v. United States*, Case No. 5:09-cv-04875-JF and *Four Rivers Investments, Inc. v. United States*, Case No. 5:10-cv-05074-JF, are hereby CONSOLIDATED.  Plaintiffs' counsel shall file an amended consolidated complaint consistent with this order on or before June 10, 2011.  The Clerk shall close the latter action, and all subsequent filings shall be made only in the earlier-filed *Seidel* action; and

(4)     The United States' dispositive motions are DENIED WITHOUT PREJUDICE to reassertion of the arguments contained therein upon the filing of the consolidated complaint.

DATED:  3/28/2011

_____
JEREMY FOGEL
United States District Judge

7

Case Nos. 5:09-cv-04875-JF / 5:10-cv-05074-JF
ORDER CONSOLIDATING ACTIONS ETC.
(JFLC2)